UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANGELO V. BELL, | No. 2:14-cv-834-EFB |
| Plaintiff, | |
| v. | ORDER |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

Plaintiff seeks judicial review of a final decision of the Commissioner of Social Security ("Commissioner") denying his application for a period of disability and Disability Insurance Benefits ("DIB") under Title II of the Social Security Act. The parties have filed cross-motions for summary judgment. As discussed below, plaintiff's motion is granted, the Commissioner's motion is denied, and the matter is remanded for further proceedings.

I.   BACKGROUND

Plaintiff filed an application for a period of disability and DIB on February 7, 2011, alleging that he had been disabled since February 1, 2009. Administrative Record ("AR") 87, 152-158. Plaintiff's application was denied initially and upon reconsideration. *Id.* at 109-113, 116-121. On July 17, 2012, a hearing was held before administrative law judge ("ALJ") Sara A. Gillis. *Id.* at 52-86. Plaintiff was represented by counsel at the hearing, at which he and a vocational expert ("VE") testified. *Id.*

1

On September 7, 2012, the ALJ issued a decision finding that plaintiff was not disabled under sections 216(i) and 223(d) of the Act.[1] *Id.* at 24-37. The ALJ made the following specific findings:

> 1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2014.
>
> 2. The claimant has not engaged in substantial gainful activity since February 1, 2009, the alleged onset date (20 CFR 404.1571 *et seq.*).
>
> * * *
>
> 3. The claimant has the following severe impairments: status post repair of right knee meniscal tear, internal derangement of the left knee, C3-4 disc protrusion, cognitive

---

[1] Disability Insurance Benefits are paid to disabled persons who have contributed to the Social Security program, 42 U.S.C. §§ 401 *et seq.* Supplemental Security Income ("SSI") is paid to disabled persons with low income. 42 U.S.C. §§ 1382 *et seq.* Under both provisions, disability is defined, in part, as an "inability to engage in any substantial gainful activity" due to "a medically determinable physical or mental impairment." 42 U.S.C. §§ 423(d)(1)(a) & 1382c(a)(3)(A). A five-step sequential evaluation governs eligibility for benefits. *See* 20 C.F.R. §§ 423(d)(1)(a), 416.920 & 416.971-76; *Bowen v. Yuckert*, 482 U.S. 137, 140-42 (1987). The following summarizes the sequential evaluation:

> Step one: Is the claimant engaging in substantial gainful activity? If so, the claimant is found not disabled. If not, proceed to step two.
> Step two: Does the claimant have a "severe" impairment? If so, proceed to step three. If not, then a finding of not disabled is appropriate.
> Step three: Does the claimant's impairment or combination of impairments meet or equal an impairment listed in 20 C.F.R., Pt. 404, Subpt. P, App.1? If so, the claimant is automatically determined disabled. If not, proceed to step four.
> Step four: Is the claimant capable of performing his past work? If so, the claimant is not disabled. If not, proceed to step five.
> Step five: Does the claimant have the residual functional capacity to perform any other work? If so, the claimant is not disabled. If not, the claimant is disabled.

*Lester v. Chater*, 81 F.3d 821, 828 n.5 (9th Cir. 1995).

The claimant bears the burden of proof in the first four steps of the sequential evaluation process. *Yuckert*, 482 U.S. at 146 n.5. The Commissioner bears the burden if the sequential evaluation process proceeds to step five. *Id.*

disorder, moderate adjustment disorder with anxiety and depression, and bipolar disorder (20 CFR 404.1520(c)).

* * *

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 404.1520(d), 404.1525, and 404.1526).

* * *

5. After careful consideration of the entire record, the undersigned find that the claimant has the residual functional capacity to perform light work as defined in 20 CFR 404.1567(b) except lift 25 pounds occasionally and 10 pounds frequently, stand/walk six hours in 20 minute intervals, cannot squat, kneel, crouch, crawl or climb ladders, occasionally climb stairs, must use a cane for walking long distances and over uneven terrain, avoid working at heights, occasionally grasp/handle with the right upper extremity, and mentally can understand, remember and carry out simple job tasks, interact appropriately with others and maintain concentration, persistence and pace for simple job tasks.

* * *

6. The claimant is unable to perform any past relevant work (20 CFR 404.1565).

* * *

7. The claimant was born on February 1, 1964 and was 45 years old, which is defined as a younger individual age 18-49, on the alleged disability onset date (20 CFR 404.1563).

8. The claimant has at least a high school education and is able to communicate in English (20 CFR 404.1564).

9. Transferability of jobs skills is not material to the determination of disability because using the Medical-Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and 20 CFR Part 404, Subpart P, Appendix 2).

10. Considering the claimant's age, education, work experience, and residual functional capacity, there are jobs that exist in significant numbers in the national economy that the claimant can perform (20 CFR 404.1569 and 404.1569(a)).

* * *

11. The claimant has not been under a disability, as defined in the Social Security Act, from February 1, 2009, through the date of this decision (20 CFR 404.1520(g)).

*Id.* at 26-37.

/////

3

Plaintiff's request for Appeals Council review of the ALJ's decision was denied on October 15, 2013, leaving the ALJ's decision as the final decision of the Commissioner. *Id.* at 1-7.

## II. LEGAL STANDARDS

The Commissioner's decision that a claimant is not disabled will be upheld if the findings of fact are supported by substantial evidence in the record and the proper legal standards were applied. *Schneider v. Comm'r of the Soc. Sec. Admin.*, 223 F.3d 968, 973 (9th Cir. 2000); *Morgan v. Comm'r of the Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999); *Tackett v. Apfel*, 180 F.3d 1094, 1097 (9th Cir. 1999).

The findings of the Commissioner as to any fact, if supported by substantial evidence, are conclusive. *See Miller v. Heckler*, 770 F.2d 845, 847 (9th Cir. 1985). Substantial evidence is more than a mere scintilla, but less than a preponderance. *Saelee v. Chater*, 94 F.3d 520, 521 (9th Cir. 1996). "'It means such evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. N.L.R.B.*, 305 U.S. 197, 229 (1938)).

"The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities." *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) (citations omitted). "Where the evidence is susceptible to more than one rational interpretation, one of which supports the ALJ's decision, the ALJ's conclusion must be upheld." *Thomas v. Barnhart*, 278 F.3d 947, 954 (9th Cir. 2002).

## III. ANALYSIS

Plaintiff argues that the ALJ erred at the fifth step of the sequential evaluation by relying on testimony from the VE which deviated from the Dictionary of Occupational Titles ("DOT"). ECF No. 19 at 7-11. Specifically, plaintiff contends that there is a conflict between the ALJ's finding that plaintiff was limited to simple job tasks and that he could also perform jobs requiring Level 3 Reasoning. *Id.* at 10. Plaintiff argues that the ALJ's failure to identify and resolve this conflict constitutes reversible error. *Id.*

/////

At the fifth step, the ALJ is required to "identify specific jobs existing in substantial numbers in the national economy that [the] claimant can perform despite [his] identified limitations." *Johnson v. Shalala*, 60 F.3d 1428, 1432 (9th Cir. 1995). The ALJ must first assess the claimant's residual functional capacity ("RFC"), which is the most the claimant can do despite his physical and mental limitations. 20 C.F.R. § 404.1545(a)(1). The ALJ then must consider what potential jobs the claimant can perform given his RFC. 20 C.F.R. § 404.1566. "In making this determination, the ALJ relies on the DOT, which is the SSA's primary source of reliable job information regarding jobs that exist in the national economy." *Zavalin v. Colvin*, 778 F.3d 842, 845-46 (9th Cir. 2015) (quotation marks omitted). For each job, the DOT identifies the necessary General Educational Development ("GED") levels, which are the "aspects of education (formal and informal) . . . required of the worker for satisfactory job performance." DOT, App. C, 1991 WL 688702 (4th ed. 1991). The GED levels include the reasoning level needed to perform the job. These reasoning levels range from Level 1, which requires the least reasoning ability, to Level 6, which requires the most. *See id*.

In additional to the DOT, an ALJ may rely on testimony from a vocational expert who testifies about the jobs the claimant can perform in light of his residual functional capacity. 20 C.F.R. § 404.1566(e); *Valentine v. Comm'r Soc. Sec. Admin.*, 574 F.3d 685, 689 (9th Cir. 2009). SSR 00-4p states that generally, occupational evidence provided by a vocational expert should be consistent with the occupational information supplied by the DOT. *Massachi v. Astrue*, 486 F.3d 1149, 1153 (9th Cir. 2007) (citing SSR 00-4p, at *4). However, "an ALJ may rely on expert testimony which contradicts the DOT, but only insofar as the record contains persuasive evidence to support the deviation." *Johnson*, 60 F.3d at 1435. An ALJ may not "rely on a vocational expert's testimony regarding the requirements of a particular job without first inquiring whether the testimony conflict with the Dictionary of Occupational Titles." *Massachi*, 486 F.3d at 1152.

The Ninth Circuit has explained that "SSR 00-4p unambiguously provides that when a vocational expert provides evidence about the requirements of a job or occupation, the adjudicator has an *affirmative responsibility* to ask about any possible conflict between that vocational evidence and information provided in the Dictionary of Occupational Titles." *Id*.

5

1  (emphasis added and internal quotations omitted).  "When there is an apparent conflict between
2  the vocational expert's testimony and the DOT—for example, expert testimony that a claimant
3  can perform an occupation involving DOT requirements that appear more than the claimant can
4  handle—the ALJ is required to reconcile the inconsistency."  *Zavalin*, 778 F.3d 846.

5  At the administrative hearing, the ALJ asked the vocational expert to consider whether
6  there were jobs in the national economy that could be performed by a hypothetical individual with
7  plaintiff's age, education, work experience and residual functional capacity.  AR at 75.  The
8  vocational expert testified that such an individual could work as an election clerk, call out
9  operator and a surveillance system monitor.  AR 78-81.  Each of these jobs require Level 3
10 reasoning.  DOT 205.367-030 (election clerk), 1991 WL 671719; DOT 237.367-014 (call out
11 operator), 1991 WL 672186; DOT 379.367-010 (surveillance system monitor), 1991 WL 673244.
12 In finding that plaintiff was not disabled, the ALJ relied on this testimony and concluded that
13 plaintiff could perform these jobs.  Plaintiff contends, however, that there is a conflict between
14 his limitation to performing simple job tasks and the performance of Level 3 Reasoning required
15 by these jobs, and that the ALJ was required to explain why he could perform these jobs
16 notwithstanding the apparent conflict.  ECF No. 19 at 8-10.

17 The Commissioner argues that the ALJ did not err in failing to elicit further explanation
18 from the VE because there was no conflict between the limitation to simple tasks and Level 3
19 Reasoning.  ECF No. 22 at 4.  The Commissioner relies on district court decisions from the Ninth
20 Circuit, as well as decisions from other Circuit Courts.  *Id.* at 5-6.

21 Subsequent to the filing of the summary judgment motions, the Ninth Circuit squarely
22 decided the issue presented in this case.  In *Zavalin v. Colvin*, the Ninth Circuit held that "there is
23 an apparent conflict between the residual functional capacity to perform simple, repetitive tasks,
24 and the demands of Level 3 Reasoning."  778 F.3d at 846.  When such a conflict exists, the ALJ
25 "must ask the expert to explain the conflict and then determine whether the vocational expert's
26 explanation for the conflict is reasonable before relying on the expert's testimony to reach a
27 disability determination."  *Id*. (quotations omitted).  "The ALJ's failure to resolve an apparent
28 inconsistently may leave . . . a gap in the record that preclude[s] [the court] from determining

6

whether the ALJ's decision is supported by substantial evidence." *Id*. That is precisely the problem presented with this record.

Here, in finding that plaintiff was not disabled, the ALJ relied on the VE's testimony that a hypothetical individual with plaintiff's age, education, work experience, and RFC could work as an election clerk, call out operator and surveillance-system monitor. AR at 37, 78-81. All three of these jobs require Level 3 Reasoning. DOT 205.367-030, 1991 WL 671719; DOT 237.367-014, 1991 WL 672186; DOT 379.367-010, 1991 WL 673244. The ALJ, however, failed to identify the apparent conflict between the limitation to simple work tasks and the performance of Level 3 Reasoning, and consequently failed to provide any explanation for why plaintiff could perform these jobs despite his limitations as to simple work tasks. Furthermore, there is no indication from the ALJ's decision that plaintiff retains the ability to perform Level 3 Reasoning notwithstanding the limitations on simple work tasks. The ALJ's failure to address this inconsistency has left "a gap in the record that preclude[s] [this court] from determining whether the ALJ's decision is supported by substantial evidence." *Zavalin*, 778 F.3d 846.

Accordingly, this matter must be remanded to the Commissioner for further consideration.

IV. <u>CONCLUSION</u>

Accordingly, it is hereby ORDERED that:

1. Plaintiff's motion for summary judgment is granted;

2. The Commissioner's cross-motion for summary judgment is denied;

3. The matter is remanded for further consideration consistent with this order; and

4. The Clerk is directed to enter judgment in plaintiff's favor.

DATED: September 24, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE